IN THE UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JENNIFER E. RUOTOLO, individually, and on behalf of all others similarly situated, | |
| **Plaintiff,** | Case No. _____ |
| v. | **JURY TRIAL DEMANDED** |
| TWIN RIVER WORLDWIDE HOLDINGS, INC. and UTGR, INC. d/b/a TWIN RIVER CASINO HOTEL, | |
| **Defendants.** | |

## CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiff Jennifer E. Ruotolo ("Plaintiff"), individually, and on behalf of all others similarly situated, brings this Class and Collective Action Complaint against Defendants Twin River Worldwide Holdings, Inc. ("TRWH") and UTGR, Inc. d/b/a Twin River Casino Hotel ("Twin River") (collectively, "Defendants"), and hereby states and alleges as follows:

## INTRODUCTION

1.      Plaintiff and all other similarly situated employees work or worked for Defendant TRWH, a casino entertainment company. Plaintiff worked at Defendant Twin River, a casino owned and operated by TRWH in Lincoln, Rhode Island. Plaintiff was jointly employed by both Defendants TRWH and Twin River.

2.      Pursuant to their company-wide policies and procedures, Defendants failed to pay Plaintiff, and other similarly situated employees, the mandated federal and/or state minimum wage rate for all hours worked and overtime for all hours worked over 40 in a single workweek.

3.      In particular, Defendants' time-clock rounding policy, procedure, and practice is used in such a manner that it results, over a period of time, in the failure to compensate their

employees properly for all time worked, including overtime hours. In addition, Defendants failed to properly inform their tipped employees of the required tip credit provisions. Defendants also miscalculated their employees' regular rate of pay for overtime purposes, resulting in unpaid overtime compensation.

4.     Defendants' systemic violations of federal and state wage laws were willful and emanated from TRWH's corporate headquarters in Providence, Rhode Island.

5.     Plaintiff, individually and on behalf of all others similarly situated, brings this lawsuit as: (a) a collective action under the Fair Labor Standards Act, ("FLSA"), 29 U.S.C. § 201, *et seq.*, to recover unpaid minimum and overtime wages owed to Plaintiff and all other similarly situated workers employed by Defendants; and (b) a Rule 23 class action under Rhode Island state law, including the Rhode Island Minimum Wage Act ("RIMWA"), R.I.G.L. § 28-12-1, *et seq.*, and the Rhode Island Payment of Wages Act ("RIPWA"), R.I.G.L. § 28-14-1, *et seq.*

## JURISDICTION AND VENUE

6.     The FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions. Federal question jurisdiction over the FLSA claims of Plaintiff and all others similarly situated is based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

7.     Rhode Island law authorizes court actions by private parties to recover damages for violation of the RIMWA and RIPWA's wage and hour provisions. Supplemental jurisdiction over the state law claims of Plaintiff and all others similarly situated is based on 28 U.S.C. § 1367, in that the state law claims are so related to the FLSA claims that they form part of the same case or controversy.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims set forth herein occurred in this judicial district.

## PARTIES

9. Plaintiff is a resident of the State of Rhode Island. From approximately August 2015 through the present, Plaintiff has been employed by Defendants at Defendants' casino property located at 100 Twin River Road, Lincoln, Rhode Island 02865. During her employment, Plaintiff has worked as a Payroll Clerk/Scheduler and Table Games Dealer (both hourly, non-exempt positions). Plaintiff's Consent to Be a Party Plaintiff pursuant to 29 U.S.C. § 216(b) is attached as Exhibit 1.

10. Defendant TRWH is a corporation organized under the laws of the State of Delaware, with its principal place of business located in the State of Rhode Island. Defendant TRWH is registered to do business and does conduct business in the State of Rhode Island. Defendant TRWH owns and operates Defendant Twin River.

11. According to Defendant TRWH's Form 10-K, filed on March 13, 2020, "We are … a multi-jurisdictional owner of gaming and racing facilities, including slot machines and various casino table games, and restaurant and hotel facilities. Through our wholly owned subsidiary Twin River Management Group, Inc. ("TRMG"), we currently own and manage the Twin River Casino Hotel ("Twin River Casino Hotel") in Lincoln, Rhode Island, which is our flagship property, the Tiverton Casino Hotel ("Tiverton Casino Hotel") in Tiverton, Rhode Island, the Hard Rock Hotel & Casino ("Hard Rock Biloxi") in Biloxi, Mississippi, the Dover Downs Hotel & Casino ("Dover Downs Casino Hotel") in Dover, Delaware, the Golden Gates, Golden Gulch and Mardi Gras

casinos in Black Hawk, Colorado (collectively "Black Hawk Casinos") and the Arapahoe Park racetrack and 13 off-track betting licenses ("Mile High USA") in Aurora, Colorado."

12.    Defendant Twin River is a corporation organized under the laws of the State of Delaware, with its principal place of business located in State of Rhode Island. Defendant Twin River is registered to do business and does conduct business in the State of Rhode Island. Defendant Twin River is owned, operated, and controlled by Defendant TRWH.

13.    In Defendant TRWH's Form 10-K, filed on March 13, 2020, Exhibit 21.1 lists Defendant Twin River as a subsidiary of Defendant TRWH.

14.    At all relevant times, each Defendant is or has been an enterprise engaged in commerce or in the production of goods or services for commerce within the meaning of 29 U.S.C. § 203(s)(1), and, upon information and belief, has had an annual gross volume of sales made or business done of not less than $500,000.

15.    Defendant TRWH operates a hub and spoke employment structure whereby, TRWH, at the operational center of the wheel, has spokes leading out to each of its individual casino subsidiaries, including Defendant Twin River. By design, each individual casino is the acknowledged employer of the employees, like Plaintiff, who physically work at that casino property. However, in reality, from its position at the operational center of this structure, TRWH operates its casinos and instructs its subsidiary casinos on how and when to execute all manner of employment policies. The subsidiary casinos, including Defendant Twin River, must and do follow TRWH's operational instructions. Due to the pervasive control TRWH has exercised and continues to exercise over the employees at each of its casinos (both directly and indirectly), TRWH is the joint employer of Plaintiff and all others similarly situated.

4

16.     There is no material difference between the manner in which TRWH treats each of its subsidiary casinos or the employees who work at each subsidiary casino property. Each of the subsidiary casinos is akin to a regional office of TRWH's nationwide gaming operation with TRWH in control and directing the policies and procedures across the country.

17.     At all relevant times, Defendants were the employer and/or joint employer of Plaintiff, and all other similarly situated employees:

  a.     Defendants had the power to and exercised control over the hiring and firing of Plaintiff and all other similarly situated employees;

  b.     Defendants had the right to and did supervise and control the work schedules, conditions of employment, and the manner in which Plaintiff and all other similarly situated employees performed their jobs;

  c.     Defendants determined the rate and method of payment for Plaintiff and all other similarly situated employees; and

  d.     Defendants maintained employment records for Plaintiff and all other similarly situated employees.

18.     At all times relevant to this action, Defendants acted by and through their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

19.     Plaintiff and all similarly situated employees are non-exempt, hourly employees who work or worked for Defendants at their casino properties within the respective limitations periods.

## NATURE OF THE CLAIMS

### Unlawful Rounding Violations

20.    Plaintiff re-alleges the allegations set forth above.

21.    Defendants utilize a computerized system which tracks the exact time (by the minute) an hourly employee clocks in and clocks out of work.

22.    Even though Defendants maintain a system which records, to the minute, the time an employee clocks in and clocks out, Defendants utilize a rounding system in computing payroll which rounds to the closest 15-minute interval.

23.    For example, an employee who clocks in between 7:53 a.m. and 8:07 a.m. will be treated by Defendants' payroll computations as having clocked in at 8:00 a.m.

24.    Defendants utilize the same rounding system for clock outs.

25.    For example, an employee who clocks out between 5:08 p.m. and 5:22 p.m. will be treated by Defendants' payroll computations as having clocked out at 5:15 p.m.

26.    Viewed in a vacuum, the rounding system utilized by Defendants appears to neither favor Defendants nor their employees as Defendants utilize the same rounding system when an employee clocks in or out.

27.    However, Defendants utilize an attendance and/or disciplinary policy to alter the seemingly neutral rounding system in a manner which transforms Defendants' rounding system into a system that is substantially rigged in Defendants' favor.

28.    Pursuant to Defendants' policies, Plaintiff and all similarly situated employees are required to clock in and commence work approximately 7 minutes before the start of their shift.

29.    Pursuant to Defendants' policies, Plaintiff and all similarly situated employees are subject to discipline if they clock in after the start of their shift.

6

30.     Pursuant to Defendants' policies, Plaintiff and all similarly situated employees may only clock out when authorized by their supervisor.

31.     As a result of Defendants' policies, Plaintiff and all similarly situated employees typically clock in and begin working 7 minutes prior to the start of their shift.

32.     As a result of Defendants' policies, Plaintiff and all similarly situated employees do not typically clock in after the start of their shift, because if they do, they are subject to discipline.

33.     Per Defendants' rounding system, none of the pre-shift work (up to 7 minutes per day) is paid as Defendants round this time to the next 15-minute interval, the employees' official start time.

34.     Accordingly, at the start of an employee's shift, Defendants' rounding system is rigged in favor of Defendants because Defendants utilize their attendance and/or disciplinary policies to ensure that, most of the time, the rounding which occurs at the start of the shift decreases the amount of compensable time Defendants pay their employees.

35.     Moreover, Plaintiff and all similarly situated employees, at the end of the day, are required to clock out no more than 7 minutes after the end of their shift.

36.     Plaintiff and all similarly situated employees do not typically leave work early; instead, they routinely leave work and clock out between the end of their shift and 7 minutes thereafter.  This makes sense because it is solely Defendants' decision as to when Plaintiff and all similarly situated employees are permitted to leave their workstations.  Because of this, Plaintiff and all similarly situated employees are unable to take advantage of the rounding system because they cannot decide to leave prior to the conclusion of their shift.  As a result, Defendants' rounding system is rigged in favor of Defendants and against Plaintiff and all similarly situated employees.

37.     Accordingly, at the end of an employee's shift, Defendants' rounding system is rigged in favor of Defendants because the rounding which occurs at the end of their shift decreases the amount of compensable time Defendants pay their employees.

38.     In sum, Defendants' time-clock rounding policy, procedure, and practice is used in such a manner that it results, over a period of time, in the failure to compensate their employees properly for all the time they have actually worked, including overtime wages.

39.     Defendants have no good faith basis to use such a rigged rounding system as their time clocks record the actual clock in and clock out times to at least a one-minute accuracy. Defendants have complete knowledge of all hours worked by Plaintiff and all similarly situated employees.

40.     Defendants' failure to pay this unpaid time has resulted in Plaintiff and all similarly situated employees being regularly denied proper compensation under the FLSA, RIMWA, and RIPWA.

41.     Plaintiff and all similarly situated employees, in conformance with Defendants' clock-in and clock-out policies, and attendance and/or disciplinary policies, regularly clocked in and commenced work several minutes before the start of their shifts.

42.     Throughout Plaintiff's employment as a Table Games Dealer, she was paid a sub-minimum base wage for every hour worked.  Thus, during each workweek in which Defendants did not pay her for all hours worked due to their time-clock rounding policy, Plaintiff's regular rate of pay fell below the requisite federal minimum wage ($7.25/hour) and the requisite Rhode Island state minimum wage.  Because the amount Plaintiff was paid during each of those workweeks divided by the number of hours she actually worked resulted in an amount less than the statutory requirement, Defendants violated the minimum wage requirements.

8

43.    During those workweeks and others, Defendants' time-clock rounding policy caused Plaintiff and all similarly situated employees' wages to fall below the requisite minimum wage and/or caused them to incur overtime for which they were not compensated (for all hours worked over 40 in a single workweek).

**Entitlement to the Tip Credit – Failure to Give Notice**

44.    An employer may, in certain circumstances, take a "tip credit" toward its minimum wage obligations for tipped employees.  Pursuant to the explicit language of the FLSA, a tip credit may not be taken "with respect to any tipped employee unless such employee has been informed by the employer of the provisions of [29 U.S.C. § 203(m)], and all tips received by such employee have been retained by the employee, except that this subsection shall not be construed to prohibit the pooling of tips among employees who customarily and regularly receive tips."  29 U.S.C. § 203(m)(2).

45.    The federal regulations expand on the language of the FLSA by explaining as follows:

> [A]n employer is not eligible to take the tip credit unless it has informed its tipped employees in advance of the employer's use of the tip credit of the provisions of section 3(m) of the Act, i.e.: [1] The amount of the cash wage that is to be paid to the tipped employee by the employer; [2] the additional amount by which the wages of the tipped employee are increased on account of the tip credit claimed by the employer, which amount may not exceed the value of the tips actually received by the employee; [3] that all tips received by the tipped employee must be retained by the employee except for a valid tip pooling arrangement limited to employees who customarily and regularly receive tips; and [4] that the tip credit shall not apply to any employee who has not been informed of these requirements in this section.

29 C.F.R. § 531.59(b).

46.    Defendants employ Plaintiff and other similarly situated tipped employees by paying a sub-minimum direct hourly wage but failed to properly notify them of the tip credit requirements of the FLSA.

47.    Specifically, Plaintiff and other similarly situated tipped employees are not informed, in advance of Defendants' use of the tip credit, of: (1) the additional amount by which the wages of the tipped employee are increased on account of the tip credit claimed by Defendants, which amount may not exceed the value of the tips actually received the employee; (2) that all tips received by the tipped employee must be retained by the employee except for a valid tip pooling arrangement limited to employees who customarily and regularly receive tips; and (3) that the tip credit shall not apply to any employee who has not been informed of these requirements in this section.

48.    As Defendants have failed to properly inform Plaintiff and other similarly situated tipped employees of the required tip credit provisions, Defendants have willfully violated state and/or federal law by failing and refusing to pay all minimum wages due and owing.

**Miscalculated Regular Rate for Tipped Employees**

49.    Both the FLSA and RIMWA require that employees receive overtime pay at a rate not less than one and one-half times the regular rate at which they are employed for all hours worked over 40 in a single workweek.

50.    Both the FLSA and RIMWA permit an employer to take a "tip credit" toward its minimum wage obligations for tipped employees equal to the difference between the required cash wage (which must be at least $2.13 under federal law, and at least $3.89 under Rhode Island law) and the applicable federal or state minimum wage.

51.    However, where the employer takes the tip credit, overtime is calculated on the full minimum wage, not the sub-minimum direct hourly wage payment. The employer may not take a larger tip credit for an overtime hour than for a straight time hour.

52.    In addition, "where a higher minimum wage than that set in the [FLSA] is applicable to an employee by virtue of … other legislation, the regular rate of the employee … cannot be lower than such applicable minimum, for the words 'regular rate at which he is employed' … must be construed to mean the regular rate at which he is lawfully employed." 29 C.F.R. § 778.5.

53.    Federal regulations provide that "a tipped employee's regular rate of pay includes the amount of tip credit taken by the employer … Any tips received by the employee in excess of the tip credit need not be included in the regular rate." 29 C.F.R. § 531.60.

54.    In calculating Plaintiff's and other similarly situated employees' overtime pay, Defendants first subtracted the tip credit from the prevailing federal or state minimum wage. In other words, Defendants calculated the overtime rate by multiplying one and one-half times the sub-minimum direct hourly wage being earned. As a result, Plaintiff's and other similarly situated employees' overtime pay was not based on the proper regular rate of pay.

55.    For example, on her paycheck dated February 28, 2020 (pay date), Defendants paid a direct hourly wage of $6.70 per hour to Plaintiff. During that pay period, Plaintiff received an overtime wage of $10.05 per hour, for 1.75 hours of overtime worked. In violation of the FLSA, Defendants calculated the overtime rate on the sub-minimum direct hourly wage payment, and not on the full minimum wage. Defendants calculated the overtime rate by multiplying Plaintiff's subminimum direct hourly wage of $6.70 by one and one-half ($10.05). Plaintiff's proper

11

overtime rate should have been $10.875 per hour ($7.25[1] per hour times one and one-half) if Defendants were not entitled to utilize a tip credit, or $10.325 per hour ($10.875 per hour minus a tip credit of $0.55) if Defendants were entitled to utilize a tip credit. Either way, Plaintiff's overtime pay was not based on the proper regular rate of pay.

56.    In doing so, Defendants failed to pay Plaintiff and all other similarly situated employees the proper overtime pay as required under both state and federal law.

## COLLECTIVE AND CLASS ACTION ALLEGATIONS

57.    Plaintiff re-alleges the allegations set forth above.

58.    Plaintiff brings Count I, the FLSA claim arising out of Defendants' unlawful time-clock rounding policy, as an "opt in" collective action pursuant to 29 U.S.C. § 216(b) on behalf of herself and the following collective action class:

    a.    **FLSA Time-Clock Rounding Collective:** All persons currently and formerly employed by Defendants in hourly positions who worked at any time from three (3) years prior to the filing of the Class and Collective Action Complaint to the present.

59.    Plaintiff brings Count II, the FLSA claim arising out of Defendants' tip credit notification policy, as an "opt in" collective action pursuant to 29 U.S.C. § 216(b) on behalf of herself and the following collective action class:

    a.    **FLSA Unlawful Tip Credit Collective:** All persons currently and formerly employed by Defendants in hourly positions paid a direct hourly wage that is below the applicable federal minimum wage rate who worked at any time

---

[1] In 2020, the federally mandated minimum wage rate was set at $7.25/hour.

from three (3) years prior to the filing of the Class and Collective Action Complaint to the present.

60.     Plaintiff brings Count III, the FLSA claim arising out of Defendants' regular rate calculation policy resulting in unpaid overtime wages, as an "opt in" collective action pursuant to 29 U.S.C. § 216(b) on behalf of herself and the following collective action class:

    a.     **FLSA Miscalculated Regular Rate Collective:** All persons currently and formerly employed by Defendants in hourly positions paid below the applicable federal minimum wage rate who worked at any time from three (3) years prior to the filing of the Class and Collective Action Complaint to the present.

61.     Plaintiff's FLSA claims (Counts I-III) may be pursued by those who opt-in to this case, pursuant to 29 U.S.C. § 216(b).

62.     Plaintiff, individually and on behalf of all others similarly situated, seeks relief on a collective basis challenging Defendants' above-described FLSA violations.  The number and identity of other plaintiffs yet to opt-in and consent to be party plaintiffs may be determined from Defendants' records, and potential opt-in plaintiffs may easily and quickly be notified of the pendency of this action.

63.     Plaintiff brings Count IV, the RIMWA claim arising out of Defendants' unlawful time-clock rounding policy, as a class action under Fed. R. Civ. P. 23, on behalf of herself and the following class:

    a.     **RIMWA Time-Clock Rounding Policy Class:** All persons currently and formerly employed by Defendants in hourly positions paid below the applicable state minimum wage rate who worked at any time from three (3)

years prior to the filing of the Class and Collective Action Complaint to the present within the State of Rhode Island.

64.    Plaintiff brings Count V, the RIMWA claim arising out of Defendants' regular rate calculation policy resulting in unpaid overtime wages, as a class action under Fed. R. Civ. P. 23, on behalf of herself and the following class:

     a.    **RIMWA Miscalculated Regular Rate Class:** All persons currently and formerly employed by Defendants in hourly positions paid below the applicable state minimum wage rate who worked at any time from three (3) years prior to the filing of the Class and Collective Action Complaint to the present within the State of Rhode Island.

65.    Plaintiff brings Count VI, the RIPWA claim arising out of Defendants' unlawful time-clock rounding policy, as a class action under Fed. R. Civ. P. 23, on behalf of herself and the following class:

     a.    **RIPWA Time-Clock Rounding Policy Class:** All persons currently and formerly employed by Defendants in hourly positions paid at or above the applicable state minimum wage rate who worked at any time from three (3) years prior to the filing of the Class and Collective Action Complaint to the present within the State of Rhode Island.

66.    Plaintiff's RIMWA claims (Counts IV-V) and RIPWA (Count VI) described in detail below, satisfy the numerosity, commonality, typicality, adequacy, and superiority requirements of a class action pursuant to Fed. R. Civ. P. 23.

67.    These classes each number in the hundreds of persons.  As a result, joinder of all class members in a single action is impracticable.  Class members may be informed of the pendency of this action through regular mail, e-mail, and/or posting of an approved notice.

68.    There are common questions of fact and law to the classes that predominate over any questions affecting only individual class members.  The questions of law and fact common to the classes arising from Defendants' actions include, without limitation, the following:

a.    Whether Defendants violated the FLSA, RIMWA, and/or RIPWA when they failed to pay Plaintiff and class members for all hours worked;

b.    Whether Defendants had policies and practices of failing to compensate Plaintiff and class members for all time worked through the use of a timeclock rounding system;

c.    Whether Defendants failed to pay Plaintiff and class members overtime compensation required under the FLSA, RIMWA, and/or RIPWA;

d.    Whether Defendants failed to properly inform their hourly employees being paid sub-minimum wage rates of the requirements for the tip credit; and

e.    Whether Defendants willfully violated the FLSA, RIMWA, and/or RIPWA.

69.    The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity to other available methods for the fair and efficient adjudication of the state law claims.

70.    Plaintiff's claims are typical of those of the respective classes in that class members have been employed in the same or similar positions as Plaintiff and were subject to the same or similar unlawful practices as Plaintiff.

15

71.    A class action is the superior method for the fair and efficient adjudication of Plaintiff's claims.  Defendants have acted or refused to act on grounds generally applicable to the classes.  The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendants, and/or substantially impair or impede the ability of class members to protect their interests.

72.    Plaintiff is an adequate representative because she is a member of each of the classes she seeks to represent, and her interests do not conflict with the interests of the members of those classes.  The interests of the members of the classes will be fairly and adequately protected by Plaintiff and her undersigned counsel, who are experienced prosecuting complex wage and hour, employment, and class action litigation.

73.    Maintenance of this action as a class action is a fair and efficient method for adjudication of this controversy.  It would be impracticable and undesirable for each member of the classes who suffered harm to bring a separate action.  In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in consistent adjudications, while a single class action can determine, with judicial economy, the rights of all class members.

## ALLEGATIONS APPLICABLE TO ALL FLSA CLAIMS (COUNTS I-III)

74.    At all times material herein, Plaintiff and all others similarly situated have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq.*

75.    The FLSA regulates, among other things, the payment of minimum wage and overtime pay by employers whose employees are engaged in interstate commerce, or engaged in

the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 206(a); 29 U.S.C. § 207(a)(1).

76.     Defendants are subject to the minimum wage and overtime pay requirements of the FLSA because they are enterprises engaged in interstate commerce and their employees are engaged in commerce.

77.     During all relevant times to this action, Defendants were the "employer" of Plaintiff and all similarly situated employees within the meaning of the FLSA. 29 U.S.C. § 203(d).

78.     During all times relevant to this action, Plaintiff and all similarly situated employees were Defendants' "employees" within the meaning of the FLSA. 29 U.S.C. § 203(e).

79.     Plaintiff and all similarly situated employees are covered, non-exempt employees within the meaning of the FLSA. Accordingly, Plaintiff and all similarly situated employees must be paid minimum wage in accordance with 29 U.S.C. § 206.

80.     Pursuant to the FLSA, employees are also entitled to be compensated at a rate of not less than one and one-half times the regular rate at which such employees are employed for all work performed in excess of 40 hours in a workweek. 29 U.S.C. § 207(a).

81.     Although the FLSA contains some exceptions (or exemptions) from the minimum wage and overtime requirements, none of those exceptions (or exemptions) applies here.

82.     Plaintiff and all similarly situated employees are victims of uniform and nationwide compensation policies. Upon information and belief, Defendants are applying the same unlawful compensation policies to all similarly situated employees in their casino properties nationwide.

83.     Plaintiff and all similarly situated employees are entitled to damages equal to the mandated minimum wage and overtime premium pay within the three (3) years preceding the filing of the Class and Collective Action Complaint, plus periods of equitable tolling, because

Defendants acted willfully and knew, or showed reckless disregard of whether their conduct was prohibited by the FLSA.

84.     Defendants have acted neither in good faith nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result, Plaintiff and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid wages as described by Section 16(b) of the FLSA, codified at 29 U.S.C. § 216(b). Alternatively, should the Court find Defendants acted in good faith or with reasonable grounds in failing to pay minimum wage and overtime compensation, Plaintiff and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

85.     As a result of these violations of the FLSA's minimum wage and overtime pay provisions, compensation has been unlawfully withheld by Defendants from Plaintiff and all similarly situated employees. Accordingly, pursuant to 29 U.S.C. § 216(b), Defendants are liable for the unpaid minimum wages and overtime premium pay along with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

## ALLEGATIONS APPLICABLE TO ALL RIMWA AND RIWPA CLAIMS
## (COUNTS IV-VI)

86.     At all times relevant, Plaintiff and the class members have been entitled to the rights, protections, and benefits provided under the Rhode Island Minimum Wage Act ("RIMWA"), R.I.G.L. § 28-12-1, *et seq*. and the Rhode Island Payment of Wages Act ("RIPWA"), R.I.G.L. § 28-14-1, *et seq*.

87.    The RIPWA regulates, among other things, the payment of minimum wage and overtime wages by employers, subject to limited exceptions not applicable herein, and provide or have provided for during part or all of the applicable limitations period for a higher minimum wage than that provided for under federal law. R.I.G.L. § 28-12-3 & R.I.G.L. § 28-12-4.1.

88.    During all times relevant to this action, Defendants were the "employers" of Plaintiff and the class members within the meaning of the RIPWA. R.I.G.L. § 28-12-2(7).

89.    During all times relevant to this action, Plaintiff and the class members were Defendants' "employees" within the meaning of the RIPWA. R.I.G.L. § 28-12-2(5).

90.    Plaintiff and the class members are covered, non-exempt employees within the meaning of the RIPWA. Accordingly, employees are entitled to be paid at least minimum wage for all hours worked in each workweek. R.I.G.L. § 28-12-3.

91.    Pursuant to the RIPWA, employees are also entitled to be compensated at a rate of not less than one and one-half times the regular rate at which such employees are employed for all work performed in excess of 40 hours in a workweek. R.I.G.L. § 28-12-4.1.

92.    Although the RIPWA contains some exceptions (or exemptions) from the minimum wage and overtime pay obligations, none of those exceptions (or exemptions) applies here. R.I.G.L. § 28-12-4.3.

93.    Plaintiff and the class members are victims of uniform and employer-based compensation policies. Upon information and belief, Defendants are applying the same unlawful compensation policies to Plaintiff and the class members in their casino properties in the State of Rhode Island.

94.    Plaintiff and the Class are entitled to damages equal to all unpaid regular and overtime wages due within three (3) years preceding the filing of this Class and Collective Action

Complaint, plus periods of equitable tolling, along with two (2) times the amount of unpaid wages as liquidated damages, less any amount actually paid to the employees by Defendants.  R.I.G.L. § 28-14-19.2.

95.    Plaintiff and the Class are also entitled to an award of pre-judgment and post-judgment interest at the applicable legal rate.

96.    Defendants are also liable to Plaintiff and the Class for costs and reasonable attorney fees incurred in this action.  R.I.G.L. § 28-14-19.2.

### COUNT I - FLSA (Unpaid Overtime & Minimum Wages)

### Arising Out of Defendants' Unlawful Time-Clock Rounding Policy

### (Brought Against Defendants by Plaintiff Individually and on Behalf of All Others Similarly Situated)

97.    Plaintiff re-alleges the allegations set forth above.

98.    Defendants violated the FLSA by failing to pay Plaintiff and all other similarly situated employees for all compensable hours worked at the legal and applicable wage rates for all hours worked in a workweek.

99.    Specifically, as discussed above, Defendants utilize an unlawful time-clock rounding policy that, when combined with their attendance and/or disciplinary policies, forces employees to work off-the-clock without being paid at the legal and applicable wage rates for both straight and overtime hours.

100.    Defendants' practice was to unlawfully and willfully fail to properly pay their hourly employees for all hours worked.

101.    WHEREFORE, on Count I of this Class and Collective Action Complaint, Plaintiff and all similarly situated employees demand judgment against Defendants and pray this Court:

a.    Issue notice to all similarly situated employees of Defendants informing them of their right to file consents to join the FLSA portion of this action;

b.    Award Plaintiff and all similarly situated employees damages for unpaid minimum wages and unpaid overtime wages under 29 U.S.C. § 216(b);

c.    Award Plaintiff and all similarly situated employees liquidated damages under 29 U.S.C. § 216(b);

d.    Award Plaintiff and all similarly situated employees pre-judgment and post-judgment interest as provided by law;

e.    Award Plaintiff and all similarly situated employees attorneys' fees and costs under 29 U.S.C. § 216(b);

f.    Award Plaintiff and all similarly situated employees such other relief as the Court deems fair and equitable.

### COUNT II - FLSA (Unpaid Minimum Wages)

**Arising Out of Defendants' Tip Credit Notification Policy**

**(Brought Against Defendants by Plaintiff Individually and on Behalf of All Others Similarly Situated)**

102.    Plaintiff re-alleges the allegations set forth above.

103.    Defendants violated the FLSA by failing to pay Plaintiff and all others similarly situated minimum wages for all hours worked in a workweek.

104.    Specifically, Defendants paid Plaintiff and others similarly situated below the federal minimum wage rate without complying with the "tip credit" rules required for an employer to pay less than the federal minimum wage.

105.    In particular, Plaintiff and other similarly situated tipped employees were not informed, in advance of Defendants' use of the tip credit, of: (1) the additional amount by which

21

the wages of the tipped employee are increased on account of the tip credit claimed by Defendants, which amount may not exceed the value of the tips actually received the employee; (2) that all tips received by the tipped employee must be retained by the employee except for a valid tip pooling arrangement limited to employees who customarily and regularly receive tips; and (3) that the tip credit shall not apply to any employee who has not been informed of these requirements in this section.

106.    Defendants failed to comply with the notification requirements set forth within the express language of the FLSA and supporting federal regulations.  29 U.S.C. § 203(m)(2); 29 C.F.R. § 531.59(b).

107.    As Defendants have failed to properly inform Plaintiff and other similarly situated tipped employees of the required tip credit provisions and are not entitled to claim a tip credit, Defendants have willfully violated state and/or federal law by failing and refusing to pay all minimum wages due and owing to Plaintiff and all other similarly situated employees.

108.    Defendants' practice was to unlawfully and willfully fail to comply with the requirements for their entitlement to a tip credit and therefore, Plaintiff and the similarly situated tipped employees were not properly paid minimum wages pursuant to the FLSA.

109.    WHEREFORE, on Count II of this Class and Collective Action Complaint, Plaintiff and all similarly situated employees demand judgment against Defendants and pray this Court:

　　　　a.    Issue notice to all similarly situated employees of Defendants informing them of their right to file consents to join the FLSA portion of this action;

　　　　b.    Award Plaintiff and all similarly situated employees damages for unpaid minimum wages under 29 U.S.C. § 216(b);

c.     Award Plaintiff and all similarly situated employees liquidated damages under 29 U.S.C. § 216(b);

d.     Award Plaintiff and all similarly situated employees pre-judgment and post-judgment interest as provided by law;

e.     Award Plaintiff and all similarly situated employees attorneys' fees and costs under 29 U.S.C. § 216(b);

f.     Award Plaintiff and all similarly situated employees such other relief as the Court deems fair and equitable.

<u>**COUNT III - FLSA (Unpaid Overtime)**</u>

**Arising Out of Defendants' Regular Rate Calculation Policy**

**(Brought Against Defendants by Plaintiff Individually and
on Behalf of All Others Similarly Situated)**

110.    Plaintiff re-alleges the allegations set forth above.

111.    Defendants violated the FLSA by failing to pay Plaintiff and all other similarly situated employees for all overtime hours worked at one and one-half times the regular rate for all hours worked in excess of forty hours in a workweek.

112.    Specifically, the FLSA requires that employees are paid one and one-half times their "regular rate" of pay.  The "regular hourly rate of pay of an employee is determined by dividing his total remuneration for employment (except statutory exclusions) in any workweek by the total number of hours actually worked by him in that workweek for which such compensation was paid." 29 C.F.R. § 778.109.

113.    Federal regulations provide that "a tipped employee's regular rate of pay includes the amount of tip credit taken by the employer … Any tips received by the employee in excess of the tip credit need not be included in the regular rate." 29 C.F.R. § 531.60.

114.    In calculating Plaintiff's and other similarly situated employees' overtime pay, Defendants first subtracted the tip credit from the prevailing federal or state minimum wage. In other words, Defendants calculated the overtime rate by multiplying one and one-half times the lower direct (or cash) wage being earned. As a result, Plaintiff's and other similarly situated employees' overtime pay was not based on the proper regular rate of pay under the FLSA.

115.    WHEREFORE, on Count III of this Class and Collective Action Complaint, Plaintiff and all similarly situated employees demand judgment against Defendants and pray this Court:

a.    Issue notice to all similarly situated employees of Defendants informing them of their right to file consents to join the FLSA portion of this action;

b.    Award Plaintiff and all similarly situated employees damages for unpaid overtime wages under 29 U.S.C. § 216(b);

c.    Award Plaintiff and all similarly situated employees liquidated damages under 29 U.S.C. § 216(b);

d.    Award Plaintiff and all similarly situated employees pre-judgment and post-judgment interest as provided by law;

e.    Award Plaintiff and all similarly situated employees attorneys' fees and costs under 29 U.S.C. § 216(b);

f.    Award Plaintiff and all similarly situated employees such other relief as the Court deems fair and equitable.

24

## COUNT IV – RIMWA (Unpaid Overtime & Minimum Wages)

### Arising Out of Defendants' Unlawful Time-Clock Rounding Policy

### (Brought Against Defendants by Plaintiff Individually and on Behalf of All Others Similarly Situated)

116.    Plaintiff re-alleges the allegations as set forth above.

117.    Defendants violated the RIMWA by failing to pay Plaintiff and all other similarly situated employees for all compensable hours worked at the legal and applicable wage rates for all hours worked in a workweek.

118.    Specifically, as discussed above, Defendants utilize an unlawful time-clock rounding policy that, when combined with their attendance and/or disciplinary policies, forces employees to work off-the-clock without being paid at the legal and applicable wage rates for both straight and overtime hours.

119.    Defendants' practice was to unlawfully and willfully fail to properly pay their hourly employees for all hours worked.  These policies resulted in Defendants failing to pay Plaintiff and all other similarly situated employees all earned overtime wages.  In addition, these policies resulted in Defendants failing to pay Plaintiff and all other similarly situated employees minimum wages for all hours worked.

120.    WHEREFORE, on Count IV of this Class and Collective Action Complaint, Plaintiff and the class members demand judgment against Defendants and pray this Court:

a.    Certify the state law claim set forth in Count IV above as a class action pursuant to Fed. R. Civ. P. 23;

b.    Award Plaintiff and the Class damages for unpaid minimum wages and unpaid overtime wages under R.I.G.L. § 28-14-19.2;

25

    c.      Award Plaintiff and the Class liquidated damages under R.I.G.L. § 28-14-19.2;

    d.      Award Plaintiff and the Class pre-judgment and post-judgment interest as provided by law;

    e.      Award Plaintiff and the Class attorneys' fees and costs as allowed by R.I.G.L. § 28-14-19.2; and

    f.      Award Plaintiff and the Class such other relief as the Court deems fair and equitable.

## COUNT V – RIMWA (Unpaid Overtime Wages)

### Arising Out of Defendants' Regular Rate Calculation Policy

**(Brought Against Defendants by Plaintiff Individually
and on Behalf of All Others Similarly Situated)**

121.    Plaintiff re-alleges the allegations as set forth above.

122.    Defendants violated the RIMWA by failing to pay Plaintiff and all other similarly situated employees for all overtime hours worked at one and one-half times the regular rate for all hours worked in excess of 40 hours in a workweek.

123.    Specifically, the RIMWA requires that employees are paid one and one-half times their "regular rate" of pay. The "regular hourly rate of pay of an employee is determined by dividing his total remuneration for employment (except statutory exclusions) in any workweek by the total number of hours actually worked by him in that workweek for which such compensation was paid." 29 C.F.R. § 778.109.

124.    In calculating Plaintiff's and other similarly situated employees' overtime pay, Defendants first subtracted the tip credit from the prevailing federal or state minimum wage. In

other words, Defendants calculated the overtime rate by multiplying one and one-half times the sub-minimum direct hourly wage being earned. As a result, Plaintiff's and other similarly situated employees' overtime pay was not based on the proper regular rate of pay under the RIMWA.

125.    WHEREFORE, on Count V of this Class and Collective Action Complaint, Plaintiff and the Class demand judgment against Defendants and pray this Court:

a.    Certify the state law claim set forth in Count V above as a class action pursuant to Fed. R. Civ. P. 23;

b.    Award Plaintiff and the Class damages for unpaid overtime wages under R.I.G.L. § 28-14-19.2;

c.    Award Plaintiff and the Class liquidated damages under R.I.G.L. § 28-14-19.2;

d.    Award Plaintiff and the Class pre-judgment and post-judgment interest as provided by law;

e.    Award Plaintiff and the Class attorneys' fees and costs as allowed by R.I.G.L. § 28-14-19.2; and

f.    Award Plaintiff and the Class such other relief as the Court deems fair and equitable.

### COUNT VI – RIPWA (Unpaid Wages)

**Arising Out of Defendants' Unlawful Time-Clock Rounding Policy**

**(Brought Against Defendants by Plaintiff Individually and on Behalf of All Others Similarly Situated)**

126.    Plaintiff re-alleges the allegations as set forth above.

127.    Defendants violated the RIPWA by failing to pay Plaintiff and all other similarly situated employees for all compensable hours worked at the agreed-upon hourly wage rates for all hours worked in a workweek.

128.    Specifically, as discussed above, Defendants utilize an unlawful time-clock rounding policy that, when combined with their attendance and/or disciplinary policies, forces employees to work off-the-clock without being paid at the agreed-upon hourly wage rates for both straight and overtime hours.

129.    Defendants' practice was to unlawfully and willfully fail to properly pay their hourly employees for all hours worked.  These policies resulted in Defendants failing to pay Plaintiff and all other similarly situated employees all earned overtime wages.  In addition, these policies resulted in Defendants failing to pay Plaintiff and all other similarly situated employees the agreed-upon hourly wages for all hours worked.

130.    WHEREFORE, on Count VI of this Class and Collective Action Complaint, Plaintiff and the class members demand judgment against Defendants and pray this Court:

       a.    Certify the state law claim set forth in Count VI above as a class action pursuant to Fed. R. Civ. P. 23;

       b.    Award Plaintiff and the Class damages for unpaid wages and overtime wages under R.I.G.L. § 28-14-19.2;

       c.    Award Plaintiff and the Class liquidated damages under R.I.G.L. § 28-14-19.2;

       d.    Award Plaintiff and the Class pre-judgment and post-judgment interest as provided by law;

e.    Award Plaintiff and the Class attorneys' fees and costs as allowed by R.I.G.L. § 28-14-19.2; and

f.    Award Plaintiff and the Class such other relief as the Court deems fair and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a trial by jury of all issues so triable.

Respectfully submitted,

**FORMISANO AND COMPANY, P.C.**

Dated: December 21, 2020

By:    /s/ V. Edward Formisano
V. Edward Formisano (#5512)
100 Midway Place, Suite 1
Cranston, RI 02920
Telephone:    (401) 400-4402
Facsimile:    (401) 944-9695
edf@formisanoandcompany.com

and

**STUEVE SIEGEL HANSON LLP**

By:    /s/ George A. Hanson
George A. Hanson, MO Bar #43450
*Pro hac vice application forthcoming*
Alexander T. Ricke, MO Bar #65132
*Pro hac vice application forthcoming*
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Telephone:    (816) 714-7100
Facsimile:    (816) 714-7101
hanson@stuevesiegel.com
ricke@stuevesiegel.com

and

**McCLELLAND LAW FIRM**
*A Professional Corporation*

Ryan L. McClelland, MO Bar #59343
*Pro hac vice application forthcoming*
Michael J. Rahmberg, MO Bar #66979
*Pro hac vice application forthcoming*
The Flagship Building
200 Westwoods Drive
Liberty, Missouri  64068-1170
Telephone:    (816) 781-0002
Facsimile:    (816) 781-1984
ryan@mcclellandlawfirm.com
mrahmberg@mcclellandlawfirm.com

## CERTIFICATION

I hereby certify that the within document has been electronically filed with the Court on this 21st day of December, 2020 and is available for viewing and downloading from the ECF system.

/s/ V. Edward Formisano