UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

JENNIFER E. RUOTOLO, REBECCA BARTON, JOHAN TAPIA AND TIMOTHY BARTHOLOMEW, individually, and on behalf of all others similarly situated,

   Plaintiffs,

v.

TWIN RIVER WORLDWIDE HOLDINGS, INC. n/k/a BALLY'S CORP., UTGR, INC. d/b/a TWIN RIVER LINCOLN CASINO RESORT and TWIN RIVER – TIVERTON, LLC d/b/a BALLY'S TIVERTON,

   Defendants.

Civ. A. No. 1:20-cv-00530-WES-PAS
[Consolidated Case]

**ORDER AND JUDGMENT GRANTING**
**FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT**

**THIS CAUSE** is before the Court on Plaintiffs' Unopposed Motion for Final Approval of Class and Collective Action Settlement (ECF No. 60) and Plaintiffs' Unopposed Motion for Attorneys' Fees and Expenses and Service Awards to Named Plaintiffs (ECF No. 59). The Court conducted a final fairness hearing in person on April 18, 2023. Having heard argument during the final fairness hearing and having reviewed the Motions, the Class Settlement Agreement, and the record in this case, and for good cause shown:

**IT IS HEREBY ORDERED AND ADJUDGED THAT:**

**Final Approval of the Settlement Agreement is Warranted**

    1.    Pursuant to Fed. R. Civ. P. 23(e)(2), the Court finds that the settlement memorialized in the Class Settlement Agreement, and filed with the Court, is fair, reasonable, and adequate, and in the best interests of the Class Members. The Court finds that: (a) the strength of

the Class Members' claims weighed against the defenses of Defendants and the complexity, length, and expense of further litigation, support approval of the settlement; (b) the Maximum Settlement Amount of $1,400,000 as set forth in the Class Settlement Agreement is a fair, reasonable, and adequate settlement of the Named Plaintiffs' individual claims and the claims of the Settlement Classes; (c) the settlement was reached pursuant to arm's-length negotiations between the parties overseen by a former United States Magistrate Judge; (d) the support for the settlement expressed by Class Counsel and counsel for Defendants, who have significant experience representing parties in complex class actions, including those involving wage and hour claims, weighs in favor of approval of the settlement; (e) the absence of significant objections to the settlement by Class Members supports approval of the settlement; and (f) the Litigation has progressed to a stage where the Court and the parties could evaluate the merits of the case, potential damages, and the probable course of future litigation.

2. For the same reasons as those analyzed under Rule 23(e), the Court further approves the release of FLSA claims for collective members as a fair and reasonable resolution of a *bona fide* dispute.

3. The Court notes that four objections were filed on the record (ECF Nos. 61-64) and addressed at the final fairness hearing. For the reasons set out in Plaintiffs' Response to Objections (ECF No. 65) and those discussed as the final fairness hearing, the Court overrules the objections and approves the settlement.

**Class Certification is Appropriate**

4. The Court grants final collective certification, pursuant to 29 U.S.C. § 216(b) of the Fair Labor Standards Act ("FLSA"), a settlement collective whose members are referred to as "FLSA Class Members," and defined as:

>any and all current and former hourly employees employed by either UTGR, Inc. d/b/a Twin River Lincoln Casino Resort or Twin River – Tiverton, LLC d/b/a Bally's Tiverton during the period from July 1, 2019, through and including July 26, 2022 and who were negatively affected by the alleged tip credit, rounding and/or overtime calculation practices that are the subject of the Litigation.

All FLSA Class Members who submitted a Consent to Join form have released all wage and hour claims pursuant to the terms of the Class Settlement Agreement. Within 14 days of the date of this Order, the parties shall file a notice identifying all FLSA Class Members who submitted a Consent to Join form.

5.  The Court certifies, pursuant to Fed. R. Civ. P. 23, a settlement class whose members are referred to as "Rule 23 Class Members" and defined as:

>any and all current and former hourly employees employed by either UTGR, Inc. d/b/a Twin River Lincoln Casino Resort or Twin River – Tiverton, LLC d/b/a Bally's Tiverton during the period from July 1, 2019, through and including July 26, 2022 and who were negatively affected by the alleged rounding and/or overtime calculation practices that are the subject of the Litigation.

Within 14 days of the date of this Order, the parties shall file a notice identifying all Rule 23 Class Members who did not exclude themselves and who are therefore bound by the terms of the Class Settlement Agreement.

6.  The Court finds that (a) the Rule 23 class is so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the class; (c) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (d) the representative parties will fairly and adequately protect the interests of the class. The Court further finds that questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating this controversy.

7.  The Court appoints Stueve Siegel Hanson LLP, McClelland Law Firm, P.C., Steffans Legal PLLC and Connor & Morneau LLP, as Class Counsel to the Class.

8.  The Court orders that all Rule 23 Class Members and all FLSA Class Members who submitted a Consent to Join the Litigation are bound by the terms of the Class Settlement

Agreement. All Rule 23 Class Members and FLSA Class Members shall receive settlement payments from the Qualified Settlement Fund in the form and amounts provided by the Class Settlement Agreement.

9. The following individuals who timely requested exclusion are not bound by the terms of the Class Settlement Agreement and not entitled to any payment from the Qualified Settlement Fund: Kaila Chisholm, Joan Gaston, Haley Manning, David Burgess and Kelly Martin.

**Notice Satisfied Due Process and Rule 23(e)(1)(B)**

10. The notice sent to the Class members via First Class Mail adequately informed the Class Members of the terms of the Class Settlement Agreement, their estimated recovery if the settlement was approved, the process available to obtain monetary relief, their right to request exclusion from the Class and pursue their own remedies, and their opportunity to file written objections and appear and be heard at the Final Approval Hearing. Thus, the Court finds that the notice provided to the Class Members satisfied the requirements of Fed. R. Civ. P. Rule 23(e)(1)(B).

**Attorneys Fees and Service Awards are Approved**

11. Class Counsel is awarded one-third of the fund for attorneys' fees ($466,620) and $6,990.56 for costs and expenses and will receive such payment from the Qualified Settlement Fund according to the procedures set forth in the Class Settlement Agreement.

12. The service awards, as set forth in the Class Settlement Agreement, are approved and shall be awarded and paid to Named Plaintiffs from the Qualified Settlement Fund according to the procedures set forth in the Class Settlement Agreement.

**Settlement Administration**

13. The Settlement Administration Costs of $30,340 are approved and shall be paid to the Settlement Administrator from the Qualified Settlement Fund according to the procedures set forth in the Class Settlement Agreement.

14. This Court grants final approval of the settlement. The Parties are ordered to carry out the terms of the Class Settlement Agreement.

15. This matter is dismissed with prejudice, without any cost to any of the parties except as provided in the ClassSettlement Agreement. The parties have fourteen days from the date of this Order to file the notice identifying the FLSA Class Members who submitted Consent to Join Forms and the Rule 23 Class Members who did not exclude themselves and who will therefore be participating in the settlement. The Clerk is directed to enter judgment consistent with this Order.

IT IS SO ORDERED.

DATED: April 19, 2023

_____
JUDGE WILLIAM E. SMITH
UNITED STATES DISTRICT COURT